Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

Attorneys for Jennifer Rose

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Rose,<br><br>          Plaintiff,<br>v.<br><br>Medical Professional Management Group and J.D. Ball,<br><br>          Defendants. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Jennifer Rose ("Plaintiff") for her Complaint against the above-named Defendants, hereby brings this action for unpaid wages under Arizona Revised Statute Title 23 (the "Arizona Wage Act"), unpaid minimum wage, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 216(b) ("FLSA") and alleges as follows:

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs and interest under the FLSA and the Arizona Wage Act.

2.  At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

3.  Defendant Medical Professional Management Group, LLC ("MPMG") is an Arizona Limited Liability Company. At all times relevant hereto, MPMG was duly licensed to do business in Maricopa County, Arizona. Defendant MPMG does business, has offices and/or maintains against for the transaction of its customary business in Maricopa County,

Arizona.

4. At all relevant times, Plaintiff was an employee of Defendant MPMG, and Defendant MPMG was an employer, as those terms are defined under the FLSA. At all relevant times, Defendant MPMG, had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant MPMG. Defendant MPMG was an employer subject to the FLSA and the Arizona Wage Act, and employed Plaintiff as an employee.

5. At all relevant times, Defendant J.D. Ball ("Defendant Ball") owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant MPMG. At all relevant times, Defendant Ball had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant MPMG. At all relevant times, Defendant Ball was an employer subject to the FLSA and Arizona Wage Act and employed Plaintiff as an employee.

6. Defendant Ball is an individual residing in Coconino County, Arizona.

7. At all relevant times, Defendant MPMG has been and continues to be an employer within the meaning of A.R.S. § 23-350(3).

8. At all relevant times, all Defendants have been and continue to be employers within the meaning of the FLSA.

9. At all relevant times, Plaintiff was an employee of Defendant MPMG within the meaning of A.R.S. § 23-350(2).

10. At all relevant times, Plaintiff was an employee of all Defendants within the meaning of the FLSA.

11. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.00.

13. Defendants employed Plaintiff from approximately May 18, 2017 through approximately June 19, 2017. Throughout the duration of her employment with Defendants, Plaintiff worked as Biller, Medical Assistant and Office Assistant.

14. During her employment, she was an exemplary employee.

15. On June 15, 2017, the owner of the Company, Mr. JD Ball, sent Ms. Rose a text of his penis with the caption "To D or not to D."

16. Thereafter, Mr. Ball claimed the picture was first sent by his daughter, and then later by his son and/or his son's friends. In any event, Mr. Ball never apologized for sending the picture, and never acknowledged its inappropriateness.

17. On June 18, 2017, Ms. Rose filed a Charge of Discrimination with the EEOC regarding the sexual harassment. Thereafter, Mr. Ball failed to pay Ms. Rose amounts she was owed. Ms. Rose asked why she had not been paid, and ultimately the Company terminated her employment.

18. As of June 19, 2017, Ms. Rose was owed wages of $2,920.00.

19. Plaintiff attempted several times to obtain payment from Defendant in a good faith attempt to recover the wages Defendants owed her.

20. As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over her regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of 29 U.S.C. § 206(a).

21. As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over her regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of A.R.S. § 23-363.

22. As a result of Defendant's failure to pay wages during the relevant time

period, Plaintiff was forced to perform work without any compensation from Defendants, in violation of A.R.S. Title 23, Chapter 2.

23. Due to Defendants' conduct, Ms. Rose has suffered severe emotional distress, stress, depression, anxiety, insomnia, nightmares, crying spells, headaches, problems in concentration and memory. She was compelled to take a variety of medications to address her various conditions and symptoms.

24. As a proximate result of the Defendants' actions as alleged herein, Ms. Rose was humiliated, hurt and injured in her health, strength and activity and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, anger, fear, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to her damage in an amount to be shown according to proof.

25. As a further proximate result of Defendants' acts, Ms. Rose has suffered special damages for medical services and treatment, and has suffered a significant loss of income and employment benefits in an amount to be shown according to proof.

26. As a further proximate result of the acts and omissions alleged herein, Ms. Rose has sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits.

**COUNT I - FAILURE TO PAY MINIMUM WAGE**

**(Violations of 29 U.S.C. §206(a)) (As against all Defendants)**

27. The above allegations are incorporated herein.

28. Defendants knowingly and in bad faith failed to pay wages due to Plaintiff such that the average of her rate of pay, when averaged across her regular workweeks, was less than the applicable minimum wage, in violation of 29 U.S.C. §206(a). Pursuant to 29 U.S.C. §216(b), Plaintiff is therefore entitled to recover in this civil action her unpaid wages and an additional amount equal to the unpaid wages.

29. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover interest and reasonable attorneys' fees and costs.

## COUNT II – FAILURE TO PAY MINIMUM WAGE
### (A.R.S. § 23-363)(against Defendant MPMG)

30. The above allegations are incorporated herein.

31. Defendant MPMG knowingly and in bad faith failed to pay minimum wages due to Plaintiff, such that the average of her hourly rate of pay, when averaged across her regular workweeks, was less than the applicable minimum wage, in violation of A.R.S. § 23-363.

32. Pursuant to A.R.S. § 23-364, Plaintiff if therefore entitled to recover in this civil action her unpaid wages and an additional amount equal to twice the amount of the unpaid wages. Additionally, pursuant to A.R.S. § 23-364, Plaintiff is entitled to reasonable attorneys' fees and costs.

## COUNT III – FAILURE TO PAY WAGES
### (Violation of A.R.S. § 23-355) (Against all Defendants)

33. The above allegations are incorporated herein.

34. Defendants MPMG and Ball knowingly and in bad faith failed to pay salary due to Plaintiff in the approximate amount of $2,920.00.

35. Pursuant to A.R.S. § 23-355, Plaintiff if therefore entitled to recover in this civil action an amount that is treble the amount of the unpaid wages, approximately $8,760.00.

## COUNT IV – UNJUST ENRICHMENT
### (Against All Defendants)

36. The above allegations are incorporated herein.

37. Defendants received the benefit of the contractual services provided by Plaintiff.

38. Plaintiff has been impoverished by Defendants' receipt of the benefit

conferred upon them.

39. As a result of Defendants' receipt of benefit and Plaintiff's impoverishment, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

40. The above allegations are incorporated herein.

41. Implied in every contract is a covenant of good faith and fair dealing.

42. Defendants are in breach of the covenant of good faith and fair dealing because they failed to pay Plaintiff for her services, and further delayed her payment for those services even while acknowledging the moneys as due.

43. Plaintiff requests an award of attorneys' fees and costs against Defendants and each of them.

44. Plaintiff is further entitled to prejudgment interest at the legal rate per annum and damages according to proof.

45. The above allegations are incorporated herein.

46. The Parties' course of performance evidences a valid and enforceable contract.

47. Defendants have failed and refused to perform their marital obligations under the Parties' contract.

48. Defendants' failure and refusal to perform under the terms of the Parties' contract constitutes a material breach of the contract.

49. As a result of Defendants' breach of the Parties' contract, Plaintiff has incurred damages in an amount to be determined at trial. Plaintiff is also entitled to statutory interest and attorney fees and costs under A.R.S. §§ 12-341 and 12-341.01(A).

### GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.  Against all Defendants on Counts I and II for all of Plaintiff's unpaid minimum wage, an equal amount of Plaintiff's unpaid minimum wages in liquidated damages owed to which all Defendants failed to pay to Plaintiff in violation of the FLSA, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to 29 U.S.C. § 216(b);

B.  Against MPMG and Ball on Count IIII for an amount that is treble the amount of wages owed to Plaintiff which Defendant MPMG and Ball failed to pay Plaintiff in violation of the Arizona Wage Act, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

C.  Against all Defendants on Counts IV, and V for unjust enrichment and breach of the covenant of good faith and fair dealing, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the  prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

RESPECTFULLY SUBMITTED this 5th day of June, 2018.

STEPHANIE R. LEACH, PLLC.


By */s/Stephanie R. Leach*
Stephanie R. Leach
2415 E. Camelback Rd., Suite 700
Phoenix, AZ  85016