**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Rose, | No. CV-18-01708-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Medical Professional Management Group LLC, | |
| Defendant. | |

Plaintiff Jennifer Rose moves for entry of default judgment against Defendant Medical Professional Management Group LLC ("MPMG") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 29.) For reasons stated below, Plaintiff's motion is granted.

**I. Background**

On June 5, 2018, Plaintiff filed this action, alleging violations of the Fair Labor Standards Act ("FLSA") and the Arizona Wage Act ("AWA"), as well as common law claims for unjust enrichment and breach of the covenant of good faith and fair dealing. (Doc. 1.) Plaintiff amended her complaint, adding claims of sexual harassment and retaliation under the Arizona Civil Rights Act ("ACRA"). (Doc. 7.) MPMG was properly served but failed to answer or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure. (Doc. 21.) Upon application by Plaintiff, the Clerk entered default against MPMG. (Docs. 24, 27.) Plaintiff now seeks entry of a default judgment. (Doc. 29.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**A. Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. MPMG failed to respond to the complaint or otherwise appear in this action despite being served with the complaint. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to MPMG in this regard supports the entry of default judgment.

**B. Merits of the Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states plausible claims to relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that Plaintiff has stated a plausible claim to relief against MPMG.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the MPMG's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $8,760 in trebled damages for back wages, $5,840 in liquidated damages for violations of the FLSA and AWA, and $20,000 for lost wages arising out of Plaintiff's sexual harassment and retaliation claims under the ACRA. (Doc. 29-1 at 2.) Plaintiff also seeks $16,283 in attorneys' fees and costs. (*Id.*) MPMG violated the FLSA and AWA when it knowingly failed to pay minimum wages due to Plaintiff, and it violated the ACRA when it retaliated against Plaintiff for engaging in protected activity related to her allegations of sexual harassment. This factor weighs in favor of a default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and MPMG's default, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect

MPMG was properly served with process in this matter. (Doc. 21.) It therefore is unlikely that MPMG's default was a result of excusable neglect. *See Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, MPMG's failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiff has asserted plausible claims

for relief to which MPMG has failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

**III. Conclusion**

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against MPMG is appropriate under Rule 55(b).

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 29) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 55(b), the Clerk of Court shall enter judgment in favor of Plaintiff and against MPMG in the amount of $50,883.00.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in accordance with this order and terminate this case.[1]

Dated this 2nd day of April, 2019.

Douglas L. Rayes
United States District Judge

---

[1] Because the Court granted Plaintiff's motion to reopen case with respect to MPMG only on October 9, 2018 (Docs. 19-20), MPMG was the only remaining party to the action.